UNITED STATES DISTRICT COURT
NORTHWEST DISTRICT OF OHIO

| | : | |
|---|---|---|
| NOVELLE PALOMINO | : | CASE NO. 1:21-cv-2139 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 22] |
| v. | : | |
| | : | |
| CUYAHOGA COUNTY et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

This civil rights case arises out of an Ohio criminal prosecution for one count of gross sexual imposition. At trial, a jury found Plaintiff Novelle Palomino not guilty. Plaintiff Palomino now brings this case alleging federal and state law violations. Among other individuals and entities, Plaintiff names several Cuyahoga County Prosecutor's Office officials as Defendants.[1]

For the following reasons, the Court **GRANTS** the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants Jennifer Driscoll, James Gallagher, Alicia Harrison, Poula Hanna, Brandon Marsalis Summers and Michael C. O'Malley ("Prosecutor Defendants").

I. Background

A. Factual Allegations

In the amended complaint, Plaintiff alleges the following facts.

---

[1] Plaintiff does not name the Cuyahoga County Prosecutor's Office in the caption although Plaintiff does allege in the body of the complaint that "Defendant Cuyahoga County Prosecutor's Office" is liable. *See, e.g.*, Doc. 15-1 ¶ 76. In any event, the Court **DISMESS** all claims against the Cuyahoga County Prosecutor's Office as it is "not [an] independent legal entit[y] capable of suing or being sued." *Lenard v. City of Cleveland*, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017).

Case No. 1:21-cv-2139
GWIN, J.

Plaintiff worked as a Cleveland Metropolitan Housing Authority maintenance technician.[2] On February 18, 2019, Defendant Maritza Mendez invited Plaintiff to enter her apartment within a complex where Plaintiff worked.[3] Plaintiff knew Defendant Mendez and described an earlier friendly relationship.[4] While inside the apartment, Plaintiff put his arm around Defendant Mendez.[5]

Defendant Karen Simone—the sister of Defendant Mendez—later called 911 and reported that Plaintiff had assaulted Defendant Mendez.[6]

Two police officers arrived at Defendant Mendez's apartment.[7] Defendant Mendez told the officers Plaintiff did not touch her.[8] Defendant Mendez also suggested that she had a brother who was a police officer and told the officers that she did not want to live in the apartment complex anymore.[9]

Shortly thereafter, an officer took Plaintiff into custody and placed him inside a police vehicle.[10] The officer eventually told Defendant Mendez that "it was clear she had not been assaulted and his supervisor authorized the two police officers to release Plaintiff Palomino."[11]

---

[2] Doc. 15-1 ¶ 24.
[3] *Id.* ¶ 29. Not relevant to the instant motion, Plaintiff brings tort claims against Defendant Mendez.
[4] *See id.*
[5] *Id.* ¶¶ 30–31.
[6] *Id.* ¶ 32.
[7] *Id.* ¶ 34.
[8] *Id.*
[9] *Id.*
[10] *Id.* ¶¶ 35, 37.
[11] *Id.* ¶ 37.

- 2 -

Case No. 1:21-cv-2139
GWIN, J.

The next day, Defendant Mendez filed a police report alleging that Plaintiff sexually assaulted Mendez.[12] A Cleveland Police detective investigated the allegations for about one hour.[13] On April 16, 2019, the Grand Jury indicted Plaintiff.[14]

The Cuyahoga County Court of Common Pleas set the case for trial on October 28, 2019.[15] Defendant Mendez failed to appear for the trial.[16] The court granted the government's continuance and reset the trial date.[17] On the new trial date, the court granted the government's motion to dismiss the charges against Plaintiff.[18]

A week after the case was dismissed, the Grand Jury re-indicted Plaintiff.[19] The case went to trial on June 14, 2021.[20] The jury found Plaintiff not guilty.[21]

Plaintiff alleges that certain exculpatory evidence either was only provided after the government initially refused to provide it,[22] or that it was not provided at all.[23] Plaintiff also says the case was brought against him in part because, as Cuyahoga County prosecutor told his counsel, it would have been "career suicide" to dismiss sexual assault claims in the "post me-too climate."[24]

### B. Claims Against Prosecutor Defendants

---

[12] *Id.* ¶ 41.
[13] *Id.* ¶ 42.
[14] *Id.* ¶ 43.
[15] *Id.* ¶ 44.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* ¶ 46.
[20] *Id.*
[21] *Id.*
[22] *Id.* ¶ 47 ("police report, the recorded 911 calls, bodycam videos of the responding Officers, and an audio recording of Moctezuma's interview of Simone"); *see also id.* ¶ 48.
[23] *Id.* ¶ 50 ("forty-one (41) police reports within the City of Cleveland alone in which either Mendez or Simone claimed to be crime victims"), ¶ 54 (information that "Mendez had been actively trying to break her lease, thus revealing a motive").
[24] *Id.* ¶ 71.

- 3 -

Case No. 1:21-cv-2139
GWIN, J.

Plaintiff's amended complaint alleges the following claims against the Prosecutor Defendants in both their personal and official capacities:

- CLAIM ONE: Malicious Prosecution: Violation of 42 U.S.C. § 1983 and of Ohio Law
- CLAIM TWO: Failure to Investigate: Violation of 42 U.S.C. § 1983
- CLAIM THREE: Abuse of Process
- CLAIM FOUR: Civil Conspiracy
- CLAIM SIX: Failure to Train and/or Supervise Employees: Violation of 42 U.S.C. § 1983
- CLAIM SEVEN: Civil Liability for Criminal Acts Under Ohio Rev. Code §§ 2307.60 (A)(1) and 2921.45[25]
- CLAIM EIGHT: Civil Liability for Criminal Acts Under Ohio Rev. Code §§ 2307.60 (A)(1) and 2921.44(E)—Dereliction of Duty

II. Discussion

A. Motion to Dismiss Standard

When ruling on a Rule 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party.[26] To survive a Rule 12(b)(6) motion to dismiss, a claim must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief."[27] The pleading must (1) describe the claim in sufficient detail to give the opposing party "fair notice of what the [ . . . ] claim is and the grounds upon which it rests," and (2) its factual allegations must be sufficient to raise the possibility of relief above the "speculative level."[28]

Additionally, courts may appropriately resolve absolute immunity issues at the motion to dismiss stage.[29]

B. Plaintiff's Untimely Opposition Motion

---

[25] Plaintiff includes two claims labeled "CLAIM SEVEN." *Id.* ¶¶ 27, 28.
[26] Fed. R. Civ. P. 12(b)(6).
[27] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2).
[28] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).
[29] *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *see also Buchanan v. Metz*, 6 F. Supp. 3d 730, 738 (E.D. Mich. 2014).

Case No. 1:21-cv-2139
GWIN, J.

The Court **STRIKES** Plaintiff's untimely opposition motion.[30] In June, the Court granted Plaintiff's extension request to file an opposition brief by July 12.[31] Plaintiff filed the motion on June 14, with no explanation for the delay. This is Plaintiff's fourth missed deadline or untimely motion in the short duration of this case.[32]

### C. Federal Claims

It is well established that "[s]tate prosecutors are absolutely immune from civil liability [under Section 1983] when acting within the scope of their prosecutorial duties."[33] "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process."[34]

On the face of Plaintiff's complaint, the Prosecutor Defendants are entitled to absolute immunity. Plaintiff does not allege any investigative or administrative acts outside of the prosecutors' "role[s] as an advocate for the State."[35] A police officer investigated the criminal claims.[36]

Plaintiff's allegations against the Prosecutor Defendants amount to assertions that the Prosecutor Defendants lacked probable cause to bring the case, they withheld exculpatory information, and they pursued the case for the me-too-related political motive.

But Sixth Circuit courts have determined that prosecutors receive absolute immunity for these types of claims. Courts have repeatedly held that "[a] prosecutor's decision to file a criminal complaint [ . . . ] fall[s] squarely within the aegis of absolute prosecutorial

---

[30] *See* Local R. 7.1(h).
[31] Non-Document Order, June 22, 2022.
[32] *See* Doc. 36 at 2.
[33] *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Imbler v. Pachtman,* 424 U.S. 409, 420 (1976)).
[34] *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (internal citations omitted).
[35] *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)).
[36] Doc. 15-1 ¶ 42.

Case No. 1:21-cv-2139
GWIN, J.

immunity."[37] And "[t]he existence or nonexistence of probable cause [ . . . ] is not determinative of whether absolute immunity applies [ . . . ]" because the inquiry turns on the functions the prosecutor performs, and not the substance of the prosecutor's decisions.[38] Additionally, "a prosecutor is absolutely immune [ . . . ] even for egregious conduct such as '[ . . . ] the suppression of material evidence at [a] criminal trial.'"[39] Lastly, absolute immunity is even available for prosecutions brought for "impure and malicious motives."[40]

Moreover, the Eleventh Amendment bars Plaintiff's federal claims against the Prosecutor Defendants in their official capacities.[41]

Accordingly, the Court dismisses Claims One, Two, and Six against the Prosecutor Defendants. To the extent that Plaintiff's civil conspiracy claim is based in federal law, the Court also dismisses Count Four.[42]

### D. State Claims

"The Ohio rules governing prosecutorial immunity mirror the federal rules: in Ohio, prosecutors are considered quasi-judicial officers entitled to absolute immunity granted judges, when their activities are intimately associated with the judicial phase of the

---

[37] *See, e.g.*, *Watkins v. Healy*, 986 F.3d 648, 664 n.24 (6th Cir. 2021) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997)).
[38] *Howell*, 668 F.3d at 350.
[39] *Buchanan v. Metz*, 6 F. Supp. 3d 730, 739 (E.D. Mich. 2014) (quoting *Spurlock v. Thompson,* 330 F.3d 791, 797 (6th Cir. 2003)).
[40] *Ireland*, 113 F.3d at 1447.
[41] *See Beckett v. Ford*, 2007 WL 2891122, at *6 (N.D. Ohio Sept. 28, 2007) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("Because a prosecutor acts as a state agent when prosecuting criminal charges, a suit against a prosecutor in his or her official capacity is to be treated as a suit against the state.").
[42] *See Meyers v. Mitrovich*, 2015 WL 413804, at *14 (N.D. Ohio Jan. 30, 2015) (dismissing civil conspiracy claim against prosecutor on absolute immunity grounds); *see also Bartlett v. Washington*, 793 F. App'x 403, 408 (6th Cir. 2019).

Case No. 1:21-cv-2139
GWIN, J.

criminal process."[43]  This includes a prosecutor's decision whether to initiate a prosecution.[44]

Accordingly, for the same above-discussed reasons with respect to the federal claims, the Court dismisses Claims One, Three, Four, Seven and Eight against the Prosecutor Defendants.

### III.  Conclusion

The Court **GRANTS** Prosecutor Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: July 27, 2022                    s/    James S. Gwin
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[43] *Beckett v. Ford*, 384 F. App'x 435, 452 (6th Cir. 2010) (quoting *Willitzer v. McCloud,* 453 N.E.2d 693, 695 (Ohio 1983)).

[44] *See Moore v. Cleveland*, 2014 WL 1327910, at *7 (Ohio Ct. App. Apr. 3, 2014); *Hawk v. Am. Elec. Power Co.*, 2004 WL 2980656, at *3 (Ohio Ct. App. Dec. 27, 2004).