UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| NOVELLE PALOMINO | : | CASE NO. 1:21-cv-2139 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 32, 33, 38] |
| v. | : | |
| | : | |
| CUYAHOGA COUNTY et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this civil rights case, the Court **DENIES** the motions to quash service filed by Defendants City of Cleveland Police Department (CPD) and Michael Moctezuma.[1] Within fourteen days, the Court further **ORDERS** Plaintiff Novelle Palomino to (1) serve Defendant CPD with an amended summons and (2) serve Defendant Moctezuma in compliance with Federal Rule of Civil Procedure 4.

I. Background

In a complaint filed on November 10, 2021, Plaintiff named as Defendants, among others, CPD and Moctezuma (a CPD detective). Plaintiff appears to have unsuccessfully attempted to serve Defendants via certified mail.[2]

---

[1] Despite CPD's argument to the contrary, Plaintiff's reply brief was timely under Local R. 7.1(d) because it was filed within 30 days of Defendants' dispositive motion. Accordingly, Plaintiff's motion for leave is moot. Doc. 38.

[2] Doc. 30 ¶ 3. For CPD, Plaintiff included the wrong address and zip code on the initial summons. Doc. 32 at 1. For Moctezuma, Plaintiff included an address where Moctezuma neither works nor resides on the initial summons. Doc. 33 at 1.

Case No. 1:21-cv-2139
GWIN, J.

On April 11, noting that there was no proof of service filed on the docket, the Court *sua sponte* ordered Plaintiff to serve Defendants with fourteen days.

Fourteen days later, on April 25, Plaintiff moved for leave to file an amended complaint, which the Court granted.

On June 23, Plaintiff engaged a process server to serve Defendants CPD and Moctezuma. Plaintiff served Defendant CPD by delivering a summons and complaint to a City of Cleveland Law Department clerk.[3] And, for Defendant Moctezuma, the process server delivered papers to a CPD employee named Felicia Miller at CPD facility.[4] Moctezuma has no acquaintance with Felicia Miller.[5] He does not work at the address where Felicia Miller accepted the service.[6]

On June 30, Plaintiff emailed CPD to request that CPD waive service.[7] CPD did not provide consent.

II. Discussion

   A. Discretionary Extension

Under Fed. R. Civ. P. 4(m), Plaintiff was required to serve Defendants within ninety days of filing the complaint, which was February 8, 2022.[8] On April 11, the Court granted Plaintiff an additional 14 days to serve Defendants, but Plaintiff only attempted cure its previously deficient service well after that deadline, on June 23.

---

[3] Doc. 32-1.
[4] Doc. 27.
[5] Doc. 33-1.
[6] *Id.*
[7] Doc. 32-2.
[8] Although Plaintiff filed an amended complaint, this did not reset the 90-day clock since Plaintiff named Defendants CPD and Moctezuma in the initial complaint. *See Grove v. Mohr*, 2020 WL 1242395, at *6 (S.D. Ohio Mar. 16, 2020).

Case No. 1:21-cv-2139
GWIN, J.

The Sixth Circuit recently clarified the law regarding the factors "a district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause."[9] Those factors are:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.[10]

In considering the newly announced Sixth Circuit test, the Court finds that the balance weighs in favor of granting a short discretionary extension to allow Plaintiff to effectuate service. While Plaintiff has repeatedly disregarded Federal Civil Procedure Rules and Court deadlines, Defendant had actual notice of the lawsuit and does not cite any concrete prejudice resulting from the delay.[11] The Court deems that quashing service and dismissing the claims against Defendants without prejudice would not be an efficient use of judicial resources.

### B. Deficient Service

---

[9] *United States v. Oakland Physicians Med. Ctr., LLC*, No. 22-1011, 2022 WL 3335658, at *3 (6th Cir. Aug. 12, 2022). Plaintiff's brief concedes that "good cause" does not exist here. Doc. 38-1 at 1.

[10] *Oakland Physicians Med. Ctr., LLC*, 2022 WL 3335658, at *3.

[11] Defendants' reliance on certain decades-old Rule 4 cases is not well taken. In the recent *Oakland Physicians*, the Court noted that numerous more modern cases that have not required a "good cause" showing. *Id.* In addition, the cases Defendants cite pre-date *Henderson v. United States*, 517 U.S. 654 (1996), where the Supreme Court observed: "courts have been accorded discretion to enlarge the [then] 120–day period 'even if there is no good cause shown,'" *id.* at 662.

Case No. 1:21-cv-2139
GWIN, J.

### i. Defendant CPD

CPD argues that this Court should quash service because Plaintiff did not file an updated summons when the Court granted leave to file the amended complaint. While it is true that Plaintiff served an outdated summons,[12] the Wright & Miller treatise says that "[a]s long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless."[13] That is the situation here. Accordingly, the Court **GRANTS** leave to Plaintiff to serve the appropriate amended summons on Defendant CPD.

### ii. Defendant Moctezuma

Plaintiff has not adequately served Defendant Moctezuma. Serving papers on a CPD employee with no connection to Moctezuma is obviously deficient. To sue Moctezuma in his official capacity, Plaintiff must comply with Fed. R. Civ. P 4(j).[14] To sue Moctezuma in his personal capacity, Plaintiff must comply with Fed. R. Civ. P. 4(e)(2) by "delivering a copy of the summons and of the complaint to the individual personally," leaving the summons or complaint at the individual's "dwelling or usual place of abode" or delivering a copy of the relevant documents to "an agent authorized by appointment or by law to receive service of process."

## III. Conclusion

---

[12] Doc. 32-1 at PageID #: 256.
[13] 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1084 (4th ed. 2022).
[14] *See Cleary v. City Of Hudson, Ohio*, 2013 WL 5557394, at *2 (N.D. Ohio Oct. 7, 2013).

Case No. 1:21-cv-2139
GWIN, J.

Plaintiff counsel's conduct has caused unnecessary delay and expense in this case. The Court cautions that sanctions may be appropriate if counsel continues to fail to timely abide by the Federal Civil Procedure Rules and this Court's orders.

The Court **DENIES** the motions to quash service filed by Defendants City of Cleveland Police Department (CPD) and Michael Moctezuma.  Within fourteen days, the Court further **ORDERS** Plaintiff Novelle Palomino to (1) serve Defendant CPD with an amended summons and (2) serve Defendant Moctezuma in compliance with Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.

Dated: August 18, 2022  *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE