UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| NOVELLE PALOMINO, | : | |
| | : | Case No. 1:21-cv-2139 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 49, 52] |
| CUYAHOGA COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This civil rights case comes from an Ohio criminal prosecution for one count of gross sexual imposition. At trial, a jury found Plaintiff Novelle Palomino not guilty.

Plaintiff Palomino now brings this case alleging federal and state law violations. Among other individuals and entities, Plaintiff sues Defendants Cleveland City Police Department and Officer Michael Moctezuma.

On October 6, 2022, Defendants Moctezuma and the City of Cleveland moved for judgment on the pleadings on Plaintiff's federal claims and for this Court to decline supplemental jurisdiction over Plaintiff's state-law claims.[1]

For the following reasons, the Court **GRANTS** Defendants Michael Moctezuma and the City of Cleveland's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

I.   BACKGROUND

A.   Factual Allegations

Plaintiff works as a maintenance technician for K&D Apartments.[2] On February 18, 2019, Defendant Maritza Mendez invited Plaintiff to enter her apartment, located in a

---
[1] Doc. 49.
[2] Doc. 15-1 at ¶ 24.

Case No. 1:19-cv-2293
Gwin, J.

complex where Plaintiff worked.[3] Mendez resided at the apartment. Plaintiff knew Defendant Mendez and described an earlier friendly relationship.[4]

While inside the apartment, Plaintiff put his arm around Defendant Mendez.[5] Defendant Karen Simone—Defendant Mendez's sister—later called 911 and reported that Plaintiff had assaulted Defendant Mendez.[6] Two police officers arrived at Defendant Mendez's apartment.[7] At that meeting, Defendant Mendez told the officers Plaintiff did not touch her.[8] Shortly thereafter, one of the officers took Plaintiff into custody.[9] That officer eventually told Defendant Mendez that "it was clear she had not been assaulted" and that his supervisor authorized the two police officers to release Plaintiff Palomino."[10]

The next day, Defendant Mendez filed a police report with the Cleveland City Police Department's First District Precinct.[11] In her report, she claimed that Plaintiff Palomino had sexually assaulted her by grabbing her neck and waist and pulling her close to him while he had an erection.[12] She also claimed that he tried to "bite her rear end."[13]

Mendez's report was referred for investigation to Defendant Michael Moctezuma, a Cleveland Police Department officer. Officer Moctezuma interviewed numerous witnesses, including Defendant Mendez, Defendant Simone, Mendez's daughters, and a

---

[3] *Id.* at ¶ 29.
[4] *See id.*
[5] *Id.* at ¶¶ 30–31.
[6] *Id.* at ¶ 32.
[7] *Id.* at ¶ 34.
[8] *Id.*
[9] *Id.* at ¶¶ 35, 37.
[10] *Id.* at ¶ 37.
[11] *Id.* at ¶ 41.
[12] *Id.*
[13] *Id.*

-2-

Case No. 1:19-cv-2293
Gwin, J.

representative of K&D Apartments.[14] Officer Moctezuma then filed a felony gross sexual imposition charge against Plaintiff Palomino.[15] Plaintiff alleges that during his investigation, Officer Moctezuma never spoke with the officers who originally answered Defendant Simone's call and who had determined at the time that no assault occurred.[16]

The Cuyahoga County Grand Jury indicted Plaintiff on April 16, 2019.[17] The State dismissed this initial case and then re-indicted Palomino on January 14, 2020. A jury found Plaintiff not guilty on June 14, 2021.[18]

### B. Claims against Police Defendants

Plaintiff sues both the Cleveland Police Department[19] and Officer Moctezuma in his personal and official capacities. Specifically, Plaintiff brings a 42 U.S.C. § 1983 claim against Officer Moctezuma for failure to investigate and a § 1983 claim against Cleveland for failure to properly train and supervise Officer Moctezuma.

Plaintiff argues that Officer Moctezuma should have interviewed the officers who initially determined that Plaintiff had not committed an assault, and that he should have questioned the inconsistencies between Defendants Mendez and Simone's initial statements and the statements they later made in the police report and during the

---

[14] *Id.* at ¶ 42.
[15] *Id.*
[16] *Id.* at ¶ 43.
[17] *Id.*
[18] *Id.* at ¶ 46.
[19] The City of Cleveland argues that its Police Department is *non suis juris* and that the City responds on Officer Moctezuma's behalf. Doc. 49 at PageID #: 572 n.3. Plaintiff did not contest the City's argument in his Opposition to Defendants' Motion for Judgment on the Pleadings, so the Court accepts the City's position.

Case No. 1:19-cv-2293
Gwin, J.

interviews he conducted.[20] Plaintiff sues the Police Department for failure to train Officer Moctezuma in correct investigative procedure.[21]

Plaintiff also raises state law claims for abuse of process, civil conspiracy, intentional infliction of emotional distress, civil rights violation under Ohio law, and dereliction of duty.[22]

## II. ANALYSIS

### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for motions for judgment on the pleadings is the same as the standard for motions to dismiss under Rule 12(b)(6).[23] "All well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law."[24]

---

[20] Doc. 15-1 at ¶ 85-88.
[21] *Id.* at ¶101-105.
[22] Doc. 15-1 at ¶¶ 84-126, 132-133.
[23] *CSX Transportation, Inc. v. Columbus Downtown Dev. Corp.*, 307 F. Supp. 3d 719, 727 (S.D. Ohio 2018).
[24] *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citation omitted).

Case No. 1:19-cv-2293
Gwin, J.

### B. Discussion

#### 1. Failure to Investigate

##### a. Statute of Limitations

Defendants argue that the statute of limitations bars Plaintiff's failure-to-investigate claim against Defendant Moctezuma.[25] The Court agrees.

The statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10. That statute requires claims for bodily injury be filed within two years after their accrual.[26] In other words, the two-year personal injury statute of limitations controls § 1983 claims.[27]

Here, Plaintiff was first indicted by a grand jury on April 16, 2019. Thus, Officer Moctezuma's alleged failure to investigate would have occurred at some point before Plaintiff's indictment on April 16, 2019. Plaintiff did not commence this action until November 10, 2021, more than two years after his indictment.[28] His claim is time-barred.

##### b. Qualified Immunity

Even if Plaintiff's claims against Officer Moctezuma were not time-barred, Officer Moctezuma is entitled to qualified immunity.

---

[25] The parties dispute whether Plaintiff has raised a failure-to-investigate or a false-arrest claim under § 1983. Since the statute of limitations is the same for either claim and has expired either way, the difference is not meaningful.

[26] *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

[27] *Nadra v. Mbah*, 119 Ohio St. 3d 305, 312 (2008) ("[W]e hold that R.C. 2305.10 is Ohio's general statute of limitations for personal injury applicable to *all* claims under Section 1983, Title 42, U.S.Code, filed in state court.") (emphasis added).

[28] Doc. 1.

-5-

Case No. 1:19-cv-2293
Gwin, J.

"Qualified immunity, if it applies, is a defense not just against liability, but against suit itself."[29] "Hence, insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery."[30] Once a defendant raises qualified immunity as a defense, "plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. At the pleading stage, this burden is carried by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right."[31]

Here, Plaintiff argues that Officer Moctezuma violated a constitutional right clearly established by law because he lacked probable cause to arrest Plaintiff for gross sexual imposition.

But Plaintiff was indicted by a grand jury on two separate occasions, once in April 2019 and again in January 2020. A grand jury indictment "creates a presumption that probable cause existed, one that the plaintiff can overcome only by showing that the defendant fabricated evidence or recklessly made false statements outside the grand jury."[32]

Plaintiff has not alleged that Officer Moctezuma fabricated evidence. And while Plaintiff has alleged that Officer Moctezuma failed to investigate some inconsistencies in witness testimony, these allegations do not rise to the level of showing that Moctezuma "recklessly made false statements" in his recommendations to prosecutors. Officer Moctezuma interviewed three eye-witnesses—Defendant Mendez and her two daughters—

---

[29] *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).
[30] *Id.*
[31] *Id.* (citations omitted).
[32] *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1164 (6th Cir. 2021).

Case No. 1:19-cv-2293
Gwin, J.

as well as Defendant Simone and the K&D Apartments representative. His actions in arresting Plaintiff and recommending to prosecutors that Plaintiff be charged were based directly on witness testimony and were not recklessly false.

### 2. Failure to Train

"[A]xiomatically," there is no municipal liability under § 1983 "unless there is an underlying unconstitutional act" committed against the plaintiff.[33] Because the Court finds that Defendant Moctezuma did not commit an underlying unconstitutional violation of Plaintiff's rights, Plaintiff's claims against the City also fail.

### 3. Supplemental Jurisdiction

"A district court [...] may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well."[34]

The Court has granted Defendants' motion for judgment on the pleadings as to both of Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. If Plaintiff wishes to pursue the state-law claims, Plaintiff will need to file a new state-law action in Ohio state courts.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Plaintiff's state-law claims against Defendants Moctezuma and the City of Cleveland are **DISMISSED**.

---

[33] *Id.* at 1165.
[34] *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020) (citation omitted).

Case No. 1:19-cv-2293
Gwin, J.

    IT IS SO ORDERED.

Dated:  November 21, 2022              *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE