UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| NOVELLE PALOMINO, : | |
| : | Case No. 1:21-cv-2139 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Docs. 53, 56] |
| CUYAHOGA COUNTY, *et al.*, : | |
| : | |
| Defendants. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This civil rights case comes after an Ohio criminal acquittal for one count of gross sexual imposition. After trial, a jury found Plaintiff Novelle Palomino not guilty.

Plaintiff Palomino sues alleging federal and state law violations. Among other individuals and entities, Plaintiff sues Defendants Maritza Mendez and her sister Karen Simone.

On November 4, 2022, Plaintiff moved for default judgment against Defendants Mendez and Simone. On November 30, 2022, he filed a second, virtually identical motion.

As explained below, the Court **DENIES** Plaintiff's motions for default judgment because they do not follow the procedure controlling motions for default judgments.

I.  BACKGROUND

Plaintiff works as a maintenance technician for K&D Apartments.[1] On February 18, 2019, Defendant Maritza Mendez invited Plaintiff to enter her apartment, located in a

---

[1] Doc. 15-1 at ¶ 24.

Case No. 1:19-cv-2293
Gwin, J.

complex where Plaintiff worked.² Mendez resided at the apartment. Plaintiff knew Defendant Mendez and described an earlier friendly relationship.³

While inside the apartment, Plaintiff allegedly put his arm around Defendant Mendez.⁴

Some hours afterwards, Defendant Karen Simone—Defendant Mendez's sister—called 911 and reported that Plaintiff had assaulted Defendant Mendez.⁵ Two police officers arrived at Defendant Mendez's apartment.⁶ At that meeting, Defendant Mendez told the officers Plaintiff did not touch her.⁷ An officer eventually told Defendant Mendez that "it was clear she had not been assaulted" and that his supervisor authorized the two police officers to release Plaintiff Palomino."⁸

The next day, Defendant Mendez filed a police report with the Cleveland City Police Department's First District Precinct.⁹ In her report, Mendez claimed that Plaintiff Palomino had sexually assaulted her by grabbing her neck and waist and pulling her close to him while he had an erection.¹⁰ She also claimed that he tried to "bite her rear end."¹¹

Mendez's report was referred for investigation to Defendant Michael Moctezuma, a Cleveland Police Department officer. Officer Moctezuma interviewed numerous witnesses, including Defendant Mendez, Defendant Simone, Mendez's daughters, and a

---

² *Id.* at ¶ 29.
³ *See id.*
⁴ *Id.* at ¶¶ 30–31.
⁵ *Id.* at ¶ 32.
⁶ *Id.* at ¶ 34.
⁷ *Id.*
⁸ *Id.* at ¶ 37.
⁹ *Id.* at ¶ 41.
¹⁰ *Id.*
¹¹ *Id.*

Case No. 1:19-cv-2293
Gwin, J.

representative of K&D Apartments.[12] Officer Moctezuma then filed a felony gross sexual imposition charge against Plaintiff Palomino.[13]

The Cuyahoga County Grand Jury indicted Plaintiff on April 16, 2019.[14] The State dismissed this initial case and then re-indicted Palomino on January 14, 2020. A jury found Plaintiff not guilty on June 14, 2021.[15]

Plaintiff sues Defendants Mendez and Simone for defamation, alleging that each knowingly made false statements about Plaintiff to the police. Plaintiff served Defendants Mendez and Simone,[16] but neither defendant has since appeared in proceedings or answered Plaintiff's Complaint.

II. ANALYSIS

In federal court, Fed. R. Civ. P. 55 governs when and how a party may move for default judgment.[17] Seeking a default judgment is a two-step process.[18] First, the Clerk must enter

---

[12] *Id.* at ¶ 42.
[13] *Id.*
[14] *Id.*
[15] *Id.* at ¶ 46.
[16] Doc. 16, 17.
[17] Plaintiff's motions improperly rely on Rule 55(A) of the Ohio Rules of Civil Procedure. This Court has supplemental jurisdiction over Plaintiff's defamation claims under 28 U.S. Code § 1367(a) because those claims form part of the same case and controversy as Plaintiff's federal claims against other Defendants. Thus, the Federal Rules of Civil Procedure apply to Plaintiff's defamation claims. Indeed, even if Plaintiff's defamation claims were before the Court under diversity jurisdiction, federal default judgment rules would apply. *See Sutton v. Mountain High Invs., LLC*, 2022 WL 1090926, at *3 (6th Cir. Mar. 1, 2022), *cert. denied*, 2022 WL 6572154 (U.S. Oct. 11, 2022) (affirming district court's dismissal of state-law claims under Fed. R. Civ. P. 55(c)).
[18] *Papalios v. Gen. Motors, LLC*, 2016 WL 11045056, at *1 (N.D. Ohio Nov. 21, 2016) (denying motion for default judgment because Plaintiff did not first secure entry of default).

Case No. 1:19-cv-2293
Gwin, J.

the unresponsive party's default on the docket.[19] Only then may a movant ask the Court to enter default judgment against the unresponsive party.[20]

Here, the Clerk has not yet entered a default against Defendants Mendez and Simone. Plaintiff must file an application with the Clerk's Office requesting that the Clerk do so.[21] He may then renew his motion for default judgment once default is entered.

### III. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motions for default judgment.

IT IS SO ORDERED.

Dated: December 6, 2022        *s/     James S. Gwin*
　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[19] Fed. R. Civ. P. 55(a).
[20] *Id.*
[21] *Id.* (denying motion for default judgment because "plaintiff has not filed an application with the Clerk for entry of default.").

-4-