UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                              |   |                      |
|------------------------------|---|----------------------|
| NOVELLE PALOMINO,            | : | CASE NO. 1:21-cv-2139 |
|                              | : |                      |
| Plaintiff,                   | : | ORDER                |
|                              | : |                      |
| v.                           | : |                      |
|                              | : |                      |
| CUYAHOGA  COUNTY,  OHIO,     | : |                      |
| et al.                       | : |                      |
|                              | : |                      |
| Defendants.                  | : |                      |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On November 10, 2021, Plaintiff Novelle Palomino filed a complaint ("Original Complaint") against various defendants for claims arising out of a state prosecution for gross sexual imposition.  In that Ohio state case, a jury found him not guilty.[1]

On April 25, 2022, Plaintiff Palomino moved for leave to file an amended complaint. Plaintiff attached a copy of the prospective amended complaint as an exhibit to the motion ("Amended Complaint").[2]  Although the Amended Complaint was not properly filed, the Court and parties proceeded as if the Amended Complaint had been filed after leave was given.

As a result, certain Defendants have not yet been terminated or dismissed:  Cuyahoga County, three Jane/John Does, and the state of Ohio.[3]  For the following reasons, the Court

---

[1] Doc. 1.
[2] Docs. 15, 15-1.
[3] All other named defendants in both the Original and Amended complaints have been dismissed or terminated.  On June 22, 2023, the Court granted the joint Motion to dismiss filed by Defendant Poula Hannah.  See Dkt. Order, June 1, 2023. On July 27, 2022, the Court granted the Motion to dismiss filed by Defendants Jennifer Driscoll, James Gallagher, Alicia Harrison, Poula Hannah, Brandon Marsalis Summers, and Michael C. O'Malley.  Doc. 37.  On November 21, 2022, the Court granted Defendants Cleveland City Police Department and Officer Michael Moctezuma's Motion for judgment on the pleadings.  Doc. 55.  On July 24, 2023, the Court approved the voluntary dismissal without prejudice of Defendants Maritza Mendez and Karen Simone by Plaintiff Palomino.  Doc. 65.

Case No. 1:21-cv-2139
GWIN, J.

**TERMINATES** Defendants Cuyahoga County and Jane/John Does and **DISMISSES** the claims against Defendant State of Ohio.

## I.  DEFENDANTS CUYAHOGA COUNTY AND JANE/JOHN DOES

In his Original Complaint, Plaintiff named Cuyahoga County and three Jane and/or John Does as Defendants.[4]  Five months later, Plaintiff moved for leave to amend the Original Complaint.  Plaintiff explained that he intended to add several new Defendants, specifically the state of Ohio and individual Cuyahoga County prosecutors.[5]  Plaintiff further explained that these new Defendants were the culpable parties, rather than Cuyahoga County.[6]

The Amended Complaint reflected these proposed party additions and removed Cuyahoga County and the Jane/John Does.[7]  The Court granted Plaintiff's motion for leave,[8] but Plaintiff never filed the Amended Complaint as a separate filing.

However, the Court and all parties—including the defendants in the Original and the Amended Complaints—continued as if the Amended Complaint had been properly filed.[9]

Had the Amended Complaint been properly filed, the claims against Defendants Cuyahoga County and the Jane/John Does would have already been gone away.  The Court takes this opportunity to accept the Amended Complaint as properly filed and end Defendants Cuyahoga County and the Jane/John Does from the case.

## II.  DEFENDANT STATE OF OHIO

Plaintiff's Amended Complaint alleges the following claims against Defendant state of Ohio:

---

[4] Doc. 1, ¶¶ 9,14.
[5] Doc. 15 at 1.
[6] *Id.*
[7] Doc. 15-1 at 1-2.
[8] See Dkt. Order, April 27, 2022 (granting Plaintiff's Motion for leave)
[9] *See, e.g.*, Doc. 23, Answer to First Amended Complaint filed by Defendants Driscoll, Gallagher, Hannah, Harrison, O'Malley, and Summers; Doc. 37, Order Granting Prosecutor Defendants' Motion to Dismiss.

Case No. 1:21-cv-2139
GWIN, J.

- CLAIM ONE: Malicious Prosecution: Violation of 42 U.S.C. § 1983 and Ohio Law[10]

- CLAIM SIX: Failure to Train and/or Supervise Employees: Violation of 42 U.S.C. § 1983[11]

- CLAIM SEVEN: Civil Liability for Criminal Acts Under Ohio Rev. Code §§ 2307.60(A)(1) and 2921.45[12]

## A. Federal Claims

Eleventh Amendment sovereign immunity deprives federal courts of subject-matter jurisdiction when a citizen sues his own State.[13]  The Sixth Circuit has determined that Eleventh Amendment sovereign immunity is a "true jurisdiction bar that courts can . . . raise *sua sponte* at any stage in litigation."[14]

"There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the state's sovereign immunity; and (3) when the doctrine set forth in *Ex Parte Young* applies."[15]

Defendant state of Ohio falls into none of these exceptions.  The record shows that Ohio has not consented to the suit.[16]  Congress has given no waiver of the Eleventh Amendment immunity, as "[s]ection 1983 does not abrogate Eleventh Amendment immunity."[17]  And, *Ex Parte Young* concerns state officials, not the states themselves.

Plaintiff's federal claims against the State of Ohio are thus barred by Eleventh Amendment immunity.  The Court dismisses them of its own volition.

---

[10] Doc. 15-1, ¶¶ 72-83.
[11] *Id.* ¶¶ 106-112.
[12] *Id.* ¶¶ 116-121.  Plaintiff includes two claims labeled "CLAIM SEVEN." *Id.* ¶ 113-115.
[13] *Russel v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)
[14] *Id.*
[15] *Boler v. Early*, 865 F.3d 391, 410 (6th Cir. 2017).
[16] *Id.*  Indeed, it appears as if Defendant State of Ohio was never served.  See Doc. 19, n. 2.
[17] *Id.* (*citing Will. v. Mich. De't of State Police*, 491 U.S. 58, 66 (1989).

- 3 -

Case No. 1:21-cv-2139
GWIN, J.

### B. State-law Claims

"A district court. . . may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  If the federal claims are dismissed before trial, the state claims generally should be dismissed all."[18]

As described above, the Court dismisses Plaintiff's federal claims as barred by sovereign immunity.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims against the State.

### III.    CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** Plaintiff's Amended Complaint as properly filed and **TERMINATES** Defendants Cuyahoga County and the three Jane or John Does.

The Court **DISMISSES** Plaintiff's federal claims against Defendant state of Ohio under Eleventh Amendment sovereign immunity and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  Plaintiff's state-law claims against Defendant state of Ohio are **DISMISSED**.

---

[18] *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020) (citation omitted).

- 4 -

Case No. 1:21-cv-2139
GWIN, J.


     IT IS SO ORDERED.


  Dated: September 14, 2023          *s/*     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE